L. Eugene Champlain v. The Detroit Stamping Company.

*Contract of employment with traveling salesman—Action against employer for refusal to perform—Evidence—Damages.*

1. In a suit by a traveling salesman to recover damages for the alleged wrongful refusal of a company to furnish him employment for a fixed period and at a stated salary, according to a contract counted upon, to which declaration the defendant pleaded the general issue only, testimony on the part of the company of representations made by the plaintiff of the amount of goods he could sell is not within the pleadings, and therefore incompetent; and testimony of what other agents of the company had done at other times, and under other circumstances, is immaterial, having no tendency to show what ability the plaintiff possessed in the like direction.

2. An instruction to a jury, in a suit for damages for an alleged wrongful discharge from employment, that the plaintiff is bound to use diligence in seeking other work, and performing it if found, in which case it should be deducted from or set off against his claim for damages, sufficiently covers a request for an instruction that if the plaintiff obtained such employment, which he voluntarily relinquished, he can only recover for the time subsequent to securing the same the *difference* between the two contract rates.

Error to Wayne. (Chambers, J.) Argued January 5, 1888. Decided January 19, 1888.

Assumpsit for breach of employment contract. Defendant brings error. Affirmed. The facts are stated in the opinion.

*Chamberlain & Guise,* for appellant.

*George S. Hosmer,* for plaintiff.

Sherwood, C. J. The plaintiff sues to recover upon the following contract, made between the parties, and signed by them:

"This is to certify that The Detroit Stamping Company have this twenty-fifth day of March, 1885, entered into an agreement and contracted with L. E. Champlain to travel and represent them, The Detroit Stamping Company, on the road in the State of Michigan for one year, or until the twenty-fifth day of March, 1886, at a salary of nine hundred dollars ($900), and all necessary traveling expenses while on the road for the time specified: Provided, he gives the said company the full benefit of his ability, and his health does not prevent constant work."

The plaintiff avers in his declaration that he entered the defendant's service under this contract, and gave the company the full benefit of his services, and performed his duties therein to the best of his ability, and according to the terms of the agreement, from the twenty-fifth of March to the twenty-eighth day of October, 1885, and was willing and ready to continue his service for the full period agreed upon in the contract, and that his health has always been such as to enable him to work constantly; but that the defendant, on the twenty-eighth of October aforesaid, refused to carry out its agreement with him, and wrongfully and without cause discharged him from its employment, and has ever since refused to give him the labor contracted for, or to pay him therefor; and that, after diligent efforts to obtain employment for the balance or the period mentioned in the contract, he was unable to get work; and the defendant, by reason of the premises, became liable to him in the sum of $900, which it refuses to pay. The common counts are added.

The defendant, by its attorneys, pleaded the general issue. The trial was had in the Wayne circuit before a jury, and the plaintiff had a verdict and judgment for $438.14.

Three errors are assigned upon the record. Two relate to testimony offered and rejected, and one to the refusal to charge as requested. The following are those relating to the rejected testimony:

"1. That the said circuit court erred in rejecting the offer

of the testimony of L. M. Miller, a witness called by defendant, which is as follows:

' Defendant offers to show, by the witness on the stand, that the plaintiff represented to him that he could sell $20,000 worth of goods per annum; that agents who had immediately preceded him at times when business was dull—very much duller as compared with the time that plaintiff was selling goods—had succeeded in selling a larger proportion of goods upon the same route traveled by plaintiff, and to the same customers, and at the same prices, in the same places, in other years; and that other travelers employed by the company, who immediately succeeded him, were successful in selling a very much larger proportion of goods at the same prices at times when business was very much duller and more stagnant than at the time when plaintiff was selling.'

" 2. That said court erred in rejecting the offer of the testimony of said Miller, which is as follows:

' We propose to show, further, by the witness on the stand, that the sales of the plaintiff—the gross sales of the plaintiff—amounted to only a few dollars more than his salary and expenses during the time that he was traveling.' "

The objections to this testimony were that it was incompetent and immaterial. It was clearly subject to the objections made. That portion relating to the representations alleged to have been made by the plaintiff was not within the pleadings in the case, and therefore incompetent; and what other agents of the defendant had done at other times, and under other circumstances, was immaterial, and had no tendency to show what the plaintiff had the ability to accomplish and could do.

The request refused, which is the defendant's third alleged error, is as follows:

" If the plaintiff, at any time subsequent to his discharge, obtained employment, and voluntarily resigned or relinquished the same, he cannot recover any sum for the time subsequent to securing such employment, excepting the difference between the contract rate with defendant and the contract rate with such subsequent employer."

The court charged the jury as follows, upon this subject :.

" The plaintiff is bound to use diligence in seeking other employment, and, if he might obtained other employment by such diligence, they must deduct from the plaintiff's claim the sums he might have earned.    That is true.

" If the plaintiff, at any time subsequent to his discharge, obtained other employment, and resigned and relinquished it, I will say, with reference to that, that is covered by what I have already stated to you. It is the duty of every employé to search for other work, and, if he can find it, to do it; and that should be deducted from any damage he may have sustained by reason of being discharged from his other employment.    He should always endeavor to be employed, so that it might be deducted or set off against the claim that he makes."

We think the charge given sufficiently covers the ground included in the defendant's third request.

We find no error in the record, and the judgment must be affirmed.

CHAMPLIN, MORSE, and LONG, JJ., concurred.    CAMPBELL, J., did not sit.